## J.A. Reinhardt & Co. Inc. v. Stettz

*Ronald M. Katzman,* for plaintiffs.
*Steven E. Grubb* and *Frank Baker III,* for defendants.

CHESLOCK, *J.,* December 13, 1996—Plaintiffs commenced this action on November 21, 1995 by filing a complaint against defendants seeking damages for alleged professional negligence and breach of contract by the various defendants. On January 11, 1996, defendants Stanley E. Stettz, Esq. and Teel, Stettz, Shimer & DiGiacomo Ltd. filed an answer, new matter and cross-claim. On January 19, 1996, defendants David Howell and Howell Inc. filed a reply to cross-claim of Stettz. Thereafter, on January 30, 1996, defendants Howell and Howell Inc. filed their answer to plaintiffs' complaint. On January 31, 1996, plaintiffs filed their answer to new matter of defendants Stettz and Teel, Stettz, Shimer & DiGiacomo Ltd. On February 13, 1996, plaintiffs next filed an answer to cross-claim and new matter of defendants David Howell and Howell Inc. Defendants Stettz and Teel, Stettz, Shimer & DiGiacomo Ltd. filed their answer to request to admit facts and genuineness of documents on June 17, 1996.

On October 19, 1996, plaintiffs filed a second amended notice of deposition. Then, on November 7, 1996, plaintiffs filed a motion to compel the personal appearance of defendant David Howell at a deposition and praeciped the case for argument. On November

25, 1996, defendants David Howell and Howell Inc. filed a response to plaintiffs' motion to compel the personal appearance of David Howell at a deposition. Oral arguments were heard on December 2, 1996. Both parties have submitted briefs and we are now ready to dispose of plaintiffs' motion to compel appearance of David Howell at a deposition.

Before we discuss the applicable law, we will first review the relevant facts of this case. On June 27, 1996, defendant's counsel sent a letter to plaintiffs' attorney requesting that his deposition be taken telephonically rather than in person, as he lives in Wyoming and a personal appearance would be unfair and burdensomely expensive. Defendant's counsel further stated in said letter that he would make arrangements for the telephonic deposition unless plaintiffs' attorney opposed. (See exhibit B of defendant's response to plaintiffs' motion to compel appearance.) Plaintiffs' attorney responded by letter dated July 2, 1996, in which he indicated that he was agreeable to a telephonic deposition of defendant. In addition, plaintiffs' attorney said that although he understood defendant's burden, he did not think a personal appearance was unfair. (See exhibit A of defendant's response to plaintiffs' motion to compel appearance.)

Thereafter, on October 28, 1996, plaintiffs' attorney sent a letter to defendant's counsel indicating that he had reconsidered his decision to telephonically depose defendant and now wanted him to appear in person. On November 4, 1996, at the deposition of plaintiffs, defendant's counsel stated that he would not produce defendant for an in-person deposition, as traveling to Pennsylvania would be burdensome and the parties had

already agreed to have defendant deposed by telephone. (See paragraph 6 of motion to compel appearance and response thereto.)

Plaintiffs argue that this court should compel defendant's personal appearance at deposition because (a) this court has personal jurisdiction over defendant with regard to this matter, and (b) defendant's personal appearance is vital so that plaintiffs can examine defendant's demeanor, veracity and truthfulness. We will examine each of these arguments individually.

First, plaintiffs assert that this court should compel defendant to personally appear for deposition because defendant has completely availed himself to the jurisdiction of this court in that (1) all of the actions here involved arise out of business defendant conducted within this jurisdiction; (2) defendant has retained counsel in this vicinity; (3) defendant has, through his attorney, filed responsive pleadings and asserted claims of his own; and (4) defendant, through his attorney, has participated in depositions.

As authority for this assertion, plaintiffs cite the case of *Grumme v. Vuxton,* 1 D.&C.3d 456 (1976), in which the court held that with leave of court, a nonresident defendant's testimony by deposition may be compelled by the sanctions provided in Pa.R.C.P. 4019, particularly where defendant has submitted himself to the jurisdiction of the court. We agree with plaintiffs that the *Grumme* decision would allow us to impose sanctions upon defendant if he refused to appear for deposition. However, defendant has not refused to appear for deposition. Defendant has indicated his willingness to be deposed, he only requests that such deposition be taken telephonically rather than in person so as to avoid the burdensome expense he would allegedly maintain in travelling from Wyoming to Pennsylvania. As we have

found that defendant has not refused to be deposed, we find *Grumme* to be inapplicable to the facts at hand.

In addition, plaintiffs argue that Pennsylvania courts have held that when two parties cannot agree upon where a deposition by oral examination should be taken, the depositions should take place in the jurisdiction where the case has been brought. *Dettinger v. Fry Communications Inc.,* 49 D.&C.3d 106, 110 (1988). Plaintiffs further argue that Pennsylvania courts have held that where parties cannot agree as to the location of a deposition, "neutral ground should be availed of, and the various hearing rooms [of] the courthouse in the county seat provide the most logical locations." *Kaveski v. McLaughlin,* 54 D.&C.2d 756, 759 (1971). We have reviewed each of the cases cited by plaintiffs in support of their arguments and find them to be distinguishable.

The facts of *Dettinger* are distinguishable from the present case. In *Dettinger,* the defendant's counsel sent notice of deposition to the plaintiff directing him to appear at defendant's attorney's law offices in Philadelphia, even though the cause of action arose in Cumberland County and both the plaintiff and the defendant were residents of Cumberland County. *Id.* at 107-108. Whereupon, the plaintiff motioned for a protective order so as to avoid deposition in Philadelphia. In support of his motion, the plaintiff asserted that his appearance in Philadelphia would cause him unreasonable annoyance, burden and expense. *Id.* The court granted the protective order, stating that "the purpose of protective orders is to shield parties and deponents from gross inconvenience, not their lawyers." *Id.* at 112. The court at no time stated that a deposition should be taken in the jurisdiction where the case has been brought.

Wherefore, we find plaintiffs' argument to be without merit. *Id.*

We similarly find the *Kaveski* case to be distinguishable from the case at hand. In *Kaveski,* both parties were Pennsylvania residents who lived in the Philadelphia area. However, the defendant failed to appear for deposition at the office of the plaintiff's attorney, even though he was a resident of the same area in which the attorney's office was located. Whereupon, the plaintiff obtained a rule on the defendant to show cause why sanctions should not be imposed against him for failure to appear for deposition. The defendant answered that he was willing to appear for deposition, but not at the plaintiff's attorney's office. *Kaveski, supra* at 757. Even though the defendant lived near the plaintiff's attorney's office, the court entered a protective order directing that the deposition be taken at the courthouse, unless the parties otherwise agreed, so as to avoid any embarrassment or hostility which might be encountered by the defendant if he was forced to submit to deposition in the home base of the opposition. *Id.* at 758-59. The *Kaveski* court stated that:

"In the ordinary case, it may well be that respective counsel will attempt to accommodate each other and their respective clients by agreeing to an appropriate locale for the taking of depositions, including their own law offices if mutually convenient and satisfactory. We hope that such agreements will be the usual situation. On the other hand, where the parties do not agree, we believe that it must be the policy of this court not to require one side to attend the law offices of the other. Under such circumstances, neutral ground should be availed of, and the various hearing rooms in the courthouse in the county seat provide the most logical locations. They would also, by reason of Doylestown's

central location geographically, in most cases, best serve all parties' convenience." *Id.* at 759.

The present case is distinguishable in that (a) all parties are not residents of Monroe County; (b) defendant has not failed to appear for deposition, as a deposition has not yet been scheduled; and (c) the Monroe County Courthouse would not best serve all parties' convenience, as it is not centrally located geographically. Accordingly, we find that the *Kaveski* decision is not applicable in the current situation.

We turn now to defendant's argument. Defendant does not dispute plaintiffs' contention that the court can impose sanctions under Rule 4019 when a party fails to appear for deposition. However, defendant asserts that said rule is inapplicable to the present case because defendant has not failed to appear for deposition, as defendant's deposition has not yet been scheduled. As per the above discussion, we agree.

In the alternative, defendant contends that the issue with which we should herein be concerned is whether the defendant is required to appear in person in Pennsylvania for deposition, rather than telephonically. Defendant argues that plaintiffs' prior agreement and Pa.R.C.P. Rules 4012(a)(2) and (a)(3) prevent plaintiffs from requiring defendant's physical attendance at a deposition in Pennsylvania. Rule 4012 states in pertinent part:

"(a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:

"(2) that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place;

"(3) that the discovery or deposition shall be only by a method of discovery or deposition other than that selected by the party seeking discovery or deposition; . . ." Pa.R.C.P. no. 4012, 42 Pa.C.S.

Defendant has asked that his response to plaintiffs' motion to compel appearance at deposition be treated as a motion for protective order and we agree to treat it as such.

Which brings us to plaintiffs' second argument. Plaintiffs argue that this court should not grant defendant's request for a protective order, but should compel him to appear in person for deposition. Plaintiffs assert that defendant's personal appearance is necessary for the preparation of their case in that they need to see defendant in order to observe his demeanor, veracity and truthfulness. In support of their position, plaintiffs cite the case of *Prep v. Pennsylvania Turnpike Comm.,* 80 Dauph. 1 (1962), in which the attorney of a nonresident defendant requested that his client's deposition be taken by written interrogatories, rather than in person. The court in *Prep* held that only oral examination bears at least some resemblance to the actual interrogation of a witness on the stand.

We find the *Prep* case to be distinguishable from the case at hand. Presently, defendant has not requested that he be deposed by written interrogatories. To the contrary, he is willing to be deposed orally, as he has agreed to take part in a telephonic deposition. The *Prep* decision said that only an oral deposition bears at least

some resemblance to the actual interrogation of a witness on the stand, and we are herein concerned with an oral deposition. Wherefore, we find that plaintiffs will in no way be prejudiced by taking an oral telephonic deposition. Although plaintiffs will not be able to visually observe defendant's demeanor during a telephonic interview, they will be able to determine his veracity through the forthcomingness of his answers and the steadiness of his voice.

For the following reasons we find that plaintiffs' motion to compel personal appearance of David Howell at deposition should be denied and defendant's motion for protective order should be granted: (a) plaintiffs and defendant had previously agreed that defendant would be deposed telephonically and plaintiffs should not now be allowed to renege that agreement; (b) requiring defendant's personal appearance in Pennsylvania would subject defendant to unreasonable annoyance, burden, and expense in that he would have to travel to this Commonwealth from Wyoming; and (c) no prejudice will result to plaintiffs from the taking of an oral telephonic deposition rather than an in-person deposition.

Accordingly, we enter the following order:

## ORDER

And now, December 13, 1996, plaintiffs' motion to compel personal appearance of defendant David Howell at deposition is hereby denied. Additionally, defendants' motion for protective order is hereby granted in that plaintiffs are hereby directed to take defendant's deposition telephonically.